2026 IL App (1st) 241339
No. 1-24-1339
Order filed August 7, 2026

Sixth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 09 CR 07794 |
| | ) | |
| ANTON RUTH, | ) | Honorable |
| | ) | John F. Lyke Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Justices Pucinski and Gamrath concurred in the judgment and opinion.

**ORDER**

¶ 1    *Held:* Illinois Supreme Court Rule 472 (eff. March 1, 2019) authorizes correction of clerical errors in the mittimus, not judicial errors resulting in an unauthorized sentence. Neither the trial court nor the appellate court has authority to order the mittimus changed to reflect a determinate three-year mandatory supervised release term when the statute mandates an indeterminate MSR term ranging from three years to life for Aggravated Criminal Sexual Assault. 730 ILCS 5/5-8-1(d)(4) (West 2010).

¶ 2    Anton Ruth appeals the denial of his Rule 472 motion to correct the mittimus. Illinois Supreme Court Rule 472 (eff. March 1, 2019). At his guilty plea hearing in 2010, the trial court incorrectly admonished him that his mandatory supervised release (MSR) term would be three

years. The written judgment was later corrected to reflect the statutory MSR term of three years to natural life.

¶ 3      After a direct appeal and several petitions and motions, Ruth asks this court to order the mittimus changed to reflect the three-year MSR term the trial court orally announced at sentencing, rather than the indeterminate term required by statute. Ruth also asserts that he never waived this claim, and that *res judicata* does not apply.

¶ 4      We affirm. Rule 472 authorizes correction of clerical errors, not judicial errors resulting in an unauthorized sentence. Because the Unified Code of Corrections mandates an indeterminate MSR term ranging from three years to life for Ruth's offense, neither the trial court nor this court may order the mittimus changed to reflect a determinate three-year term. See 730 ILCS 5/5-8-1(d)(4) (West 2010). *People v. Rinehart*, 2012 IL 111719, ¶¶ 2, 30. Because the motion fails on the merits, we need not consider whether *res judicata* or waiver bars relief.

¶ 5                                    Background

¶ 6      Ruth pleaded guilty to aggravated criminal sexual assault (720 ILCS 5-2-14(a)(2) (West 2010). The trial court sentenced him to nine years' imprisonment with a three-year MSR term. The applicable statute required an MSR term of three years "to a maximum of natural life." 730 ILCS 5/5-8-1(d)(4) (West 2018). Nevertheless, the trial court admonished Ruth that he would serve a determinate three-year term. Ruth did not move to withdraw his plea or appeal the sentence.

¶ 7      After completing his prison sentence, Ruth learned that the trial court had mistakenly admonished him about his MSR term. In November 2017, Ruth filed a postconviction petition alleging his trial counsel was ineffective for failing to advise him correctly about the MSR term. (725 ILCS 5/122-1 *et seq.* (West 2016)), Ruth sought to withdraw his plea and requested a new trial.

- 2 -

¶ 8    The trial court brought Ruth to court in January 2018 and admonished him that he would face a minimum prison sentence of nine years and a maximum of 67 years if he went to trial on the charges. With Ruth present, the State also told the court that Ruth had already served the sentence imposed under his plea agreement. The court explained that under the statute, Ruth would have to serve three years to life on MSR instead of an absolute term of three years. After receiving those admonishments, Ruth withdrew his postconviction petition, never reaching the merits of Ruth's claim on the length of his MSR term. See *People v. Ruth*, 2022 IL App (1st) 192023 ¶ 6.

¶ 9    Ruth then filed a "Complaint for *Mandamus*," asserting the Prisoner Review Board refused to determine whether Ruth could be released from prison on MSR. He asked the court to "determine the length of his MSR term to be served" and for "immediate release to begin serving his MSR period." After a brief in-court appearance, the trial court denied *mandamus* on the ground that the complaint was a civil matter that Ruth should have filed in the county where he was imprisoned. *Id*. ¶ 7.

¶ 10    Thereafter, Ruth filed a "Petition for Amended Sentencing Order," arguing that the Department of Corrections was unlawfully detaining him because the trial court's original sentencing order said nothing about MSR, and the trial judge had told him that his MSR term would be three years when imposing the sentence. *Id*. ¶ 8. Ruth requested the court amend the sentencing order to reflect the original oral admonishment. *Id*. The court denied Ruth's petition in open court without Ruth present. *Id*. The court explained that when Ruth filed his postconviction petition, "I brought the defendant back. I acknowledged this Court's mistake and gave him the opportunity to take back his plea of guilty. * * * He elected here in open court to not take back his guilty plea. He wanted to keep his original sentence and his MSR would change to three years to natural life." Ruth had "agreed to the three years to natural life MSR" term.

¶ 11     In dismissing the petition, the circuit court found the new admonishments during proceedings on Ruth's first postconviction petition sufficient, noting that Ruth declined to pursue the claims after receiving the new admonishments. *Id*.

¶ 12     Next, Ruth filed a section 2-1401 petition (735 ILCS 5/2-1401 (West 2018)), arguing the statutory provisions allowing the Prisoner Review Board to set conditions of MSR and determine the length of his MSR term violated the separation of powers and proportionate penalties clauses of the Illinois Constitution. See Ill. Const. 1970, art. I, § 11; Ill. Const. 1970, art. II, § 1 (separation of powers). *Id*. ¶ 9. Both claims rested on the same premise: the Prisoner Review Board is unconstitutionally exercising judicial functions. This court found that setting the terms of MSR is "akin to the executive function of prison administration and setting the release date represents no more than the executive's long-recognized ability to bestow grace on parolees who comply with the terms of parole." *Id*. ¶ 1.

¶ 13     After that, Ruth filed a petition for relief from judgment (735 ILCS 5/2-1401 (West 2018)), arguing that his indeterminate MSR term and the statute authorizing it were void *ab initio* for violating the separation of powers clause in the Illinois Constitution (Ill. Const. 1970, art. II, § 1) by impermissibly delegating the determination of the conditions of MSR to the Prisoner Review Board instead of the judiciary. *Id*. ¶ 9. The trial court dismissed the petition, and Ruth appealed. In a published opinion, this court affirmed the dismissal, holding that the statutes authorizing the Prisoner Review Board to set the conditions of Ruth's release are not unconstitutional. See *Ruth*, 2022 IL App (1st) 192023.

¶ 14                              *Illinois Supreme Court Rule 472*

¶ 15     While the appeal was pending, Ruth filed *pro* se his first "Motion to Correct Mittimus Pursuant to Rule 472," requesting the court correct his mittimus to reflect an MSR term of three

years orally imposed at sentencing. A few months later, the circuit court struck the motion as a duplicate filing and denied his previously filed motion with "ruling and order of 11/27/18 to stand." The November 27, 2018 order denied Ruth's Petition for an Amended Sentencing Order, which sought to amend the order to reflect the original oral admonishment.

¶ 16    Ruth filed *pro se* a second motion to correct his mittimus under Rule 472, again asking the court to correct his mittimus to reflect an MSR term of three years. Ruth later submitted a copy of the transcripts from his guilty plea. A different judge denied this motion, stating that "Ruth is correct that the sentencing court imposed the incorrect MSR term during sentencing," but "Ruth had the opportunity to avail himself of relief and chose not to pursue the relief available to him in 2018." The court found that Ruth waived this argument by withdrawing his postconviction petition claiming ineffectiveness of trial counsel.

¶ 17    The Illinois Supreme Court directed this court to give Ruth leave to file a late notice of appeal from the January 24, 2024, judgment denying the motion to correct the mittimus.

¶ 18                                   Analysis

¶ 19    Ruth asks us to "reverse the circuit court's judgment and order the mittimus corrected to reflect the imposed three-year MSR term." He contends the court erred in denying the MSR term on his mittimus under Rule 472 because three years of MSR was an explicit term of his plea agreement. Ruth relies on *People v. Smith*, 242 Ill. App.3d 399, 402 (1993) ("It is the oral pronouncement of the judge which is the judgment of the court."). Moreover, he asserts he never waived this claim, and that the doctrine of *res judicata* does not apply.

¶ 20    Illinois Supreme Court Rule 472 provides "In criminal cases, the circuit court retains jurisdiction to correct the following sentencing errors at any time following judgment and after notice to the parties, including during the pendency of an appeal, on the court's own motion, or on

motion of any party: *** (4) Clerical errors in the written sentencing order or other part of the record resulting in a discrepancy between the record and the actual judgment of the court." Ill. S. Ct. Rule 472(a)(4) (eff. March 1, 2019).

¶ 21    In his briefs, Ruth characterizes the judge's error as "clerical," so it falls within Rule 472. The asserted error, however, arose from the trial court's mistaken oral admonishment and not from a clerical mistake in reducing the judgment to writing. Because the Unified Code of Corrections mandates an indeterminate MSR term, the written judgment could not lawfully be changed to reflect the incorrect oral admonishment. See 730 ILCS 5/5-8-1(d)(4) (West 2010).

¶ 22    The legislature has authority to define crimes and establish the nature and extent of criminal penalties, and courts exceed their authority by ordering a lesser sentence than the one mandated by statute. *People v. Jones*, 168 Ill. 2d 367, 374 (1995). A court cannot impose unauthorized sentences. See *People v. Whitfield,* 228 Ill. 2d 502, 511 (2007 (trial court's misstatement not supported by law). The Illinois Supreme Court has rejected a determinate MSR term for aggravated sexual assault based on the statutory requirement that the MSR period be set at the indeterminate term of three years to life. *People v. Rinehart*, 2012 IL 111719 ¶ 30.

¶ 23    Moreover, the trial court lacked authority either to initially agree to, or correct the mittimus to reflect a determinate MSR term. "Even when a defendant, prosecutor, and court agree on a sentence, the court cannot give the sentence effect if it is not authorized by law." *People v. White*, 2011 IL 109616, ¶ 23. (Internal quotation marks omitted.). *See also People v. McChriston*, 2014 IL 115310, ¶ 31 (trial court has no "discretionary power" in enforcement of mandatory MSR term, which "attach[es] automatically as written into defendant's sentence").

¶ 24    According to Ruth, *People v. Umfleet*, 190 Ill. App. 3d 804 (1989) suggests that because he has substantially performed his part of the plea bargain, the three-year determinate MSR

sentence must apply. *Umfleet,* however, involved a prosecutor's promise regarding a sentence the trial court had authority to impose. Defendant pleaded guilty in Missouri and Illinois, and at the Missouri plea hearing, the prosecutor stated on the record that the Illinois prosecutor had also agreed to recommend 17 years' imprisonment, to run concurrently with the Missouri sentence. *Id*. When the defendant pleaded guilty to the Illinois charges, the State recommended, and the defendant was sentenced to 21 years' imprisonment. *Id*. at 807. After the defendant served his time in Missouri, he sought specific performance on the Illinois prosecutor's promise of 17 years. *Id*. at 809.

¶ 25    We found a plea agreement existed between the State of Illinois and the defendant, vacated the sentence, and remanded to the trial court, explaining that "the defendant surrendered constitutionally protected interests when he pleaded guilty to the Missouri charges, and we have found that he did so in reliance on the plea agreement with the Illinois prosecutor." *Id.* at 813. The holding in *Umfleet* clarifies that when a prosecutor in a plea agreement promises to recommend a term, that promise must be honored, though the trial court is free to accept or reject it. *Id.*

¶ 26    Ruth contends that, similar to *Umfleet*, it would be fundamentally unfair to enforce an MSR term different from the one he agreed to at the plea hearing. But this argument assumes withdrawal meant he agreed to an "increase" of the MSR term and ignores the admonishments on the practical effect of withdrawing a guilty plea and risking a conviction after retrial. Ruth acknowledges that the trial court admonished him that the possible sentence after a conviction would include the full range of penalties authorized by statute.

¶ 27    The MSR term is mandatory, even when not included in the written sentencing order. The opinion in *Round v. Lamb*, 2017 IL 122271, confirms that when a defendant declines the

opportunity to withdraw a guilty plea after learning of an erroneous MSR admonishment, the defendant is not entitled to have the sentence reconfigured into one unauthorized by statute.

¶ 28    The petitioner in *Round* sought an order of *habeas* or, in the alternative, a writ of *mandamus*. The sentencing court and the petitioner believed his guilty plea was in exchange for a sentence of seven years in custody—five years in prison (concurrent terms of five and three years) and an erroneous two years of MSR. Enforcing the proper four-year MSR term extended the sentence to nine years. The petitioner declined the opportunity to withdraw his guilty plea after learning of the MSR error. The Supreme Court held that the petitioner was not entitled to have his sentence reconfigured. *Id*. ¶ 28. Likewise, under Rule 472, Ruth cannot obtain a sentence the law does not authorize.

¶ 29    We need not address the procedural issues because the motion fails on the merits.

¶ 30    Affirmed.